UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERTRESA GRINER,

     Petitioner,

v.                                     CASE NO. 8:12-cv-1026-T-23TGW

SECRETARY, Department of Corrections,

     Respondent.

_____/

**O R D E R**

Griner petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of her state conviction for burglary of a dwelling, for which she serves fifteen years. The respondent correctly moves to dismiss (Doc. 15) the petition as time-barred. Numerous exhibits ("Respondent's Exhibit __") support the motion. Griner files no opposition.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C.

§ 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation

under this subsection."  28 U.S.C. § 2244(d)(2).

Griner's conviction was final on February 2, 2010,[*] and the limitation expired

one year later, absent tolling for a state post-conviction proceeding.  Griner let 300

days elapse before filing a state petition for the writ of habeas corpus (Respondent's

Exhibit 7) on November 30, 2010.  Tolling continued until January 13, 2011, when

the petition was denied.  (Respondent's Exhibit 9)  Griner had 65 days remaining

(365 - 300 = 65).  Consequently, Griner's federal one-year deadline was March 14,

2011 (January 13, 2011+ 65 days = March 14, 2011).  Although on March 30, 2011,

Griner moved under Rule 3.850 for post-conviction relief (Respondent's Exhibit 10),

the motion afforded Griner no tolling because, as shown above, the limitation

expired approximately two weeks earlier.  "[A] properly and timely filed petition in

state court only tolls the time remaining within the federal limitation period."

*Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144

(2002).  Because the federal one-year limitation expired before she moved for post-

conviction relief, Griner's subsequent state post-conviction proceedings are not

---

[*] Griner's direct appeal concluded on November 4, 2009. (Respondent's Exhibit 6)  The
conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*.
28 U.S.C. § 2244(d)(1)(A).  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y,
Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

considered.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction

petition is untimely under state law, "that [is] the end of the matter" for purposes of

§ 2244(d)(2).") (brackets original);  *Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("We

therefore reiterate now what we held in *Pace* : 'When a postconviction petition is

untimely under state law, "that [is] the end of the matter" for purposes of

§ 2244(d)(2).'") (brackets original).

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as

time-barred.  The motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**

as moot.  The clerk shall enter a judgment against Griner and close this case.

**DENIAL OF BOTH
A CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Griner is not entitled to a certificate of appealability ("COA").  A prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right."  To merit a COA, Griner

must show that reasonable jurists would find debatable both (1) the merits of the

underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d

926, 935 (11th Cir 2001).  Because the petition is clearly time-barred, Griner cannot

meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Griner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Griner must pay the full $455 appellate filing fee without installments unless the circuit court allows Griner to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on May 23, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE